UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AIRRICA BOWMAN,

    Plaintiff,                          CASE NO

v.

SMITH DEAN & ASSOCIATES,

    Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, AIRRICA BOWMAN ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, SMITH DEAN & ASSOCIATES ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

### PARTIES

VERIFIED COMPLAINT                                            1

6.     Plaintiff is a natural person who resides in Jacksonville, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.     Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Jacksonville, Florida.

8.     Plaintiff is a consumer as that term is defined by *15 U.S.C 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.     Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13.     Defendant places collection calls to Plaintiff and requests a telephone number on: 904-721-3705.

14.     Defendant threatened to obtain two warrants against Plaintiff if immediate payment was not made.

15. Defendant's representative, Tom Curran, left a message for Plaintiff stating he was in the fraud department (see Exhibit A).

16. Defendant places collection calls to Plaintiff and fails to disclose that the call is from a debt collector (see Exhibit A).

17. Defendant did not identify itself in subsequent communications (see Exhibit A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

b) Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

c) Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of Plaintiff's alleged debt will result in the arrest of Plaintiff.

d) Defendant violated §1692e(5) of the FDCPA by threatening to have Plaintiff arrested.

e) Defendant violated §1692e(10) of the FDCPA by engaging in deceptive means to attempt to collect a debt by threatening to have Plaintiff arrested.

f) Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21.    Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd , Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:    (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AIRRICA BOWMAN hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                         4

# EXHIBIT A

Yes Ms. Bowman, this is Tom Curran.   I spoke with you last
night.   Call me when you get this message at 904-721-3705.   You
can reach me in the fraud department at extension 207.

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

(STATE OF MISSISSIPPI)

Plaintiff, AIRRICA BOWMAN, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AIRRICA BOWMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/29/10

Airrica Bowman
AIRRICA BOWMAN,
Plaintiff

VERIFIED COMPLAINT                                    6