UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AIRRICA BOWMAN,

    Plaintiff,

v.                                           CASE NO. 3:10-cv-1146-J-32JBT

SMITH, DEAN & ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Amended Notice and Motion to Withdraw as Counsel for Defendant Smith, Dean & Associates, Inc. ("Smith Dean") ("Motion") (Doc. 24).[1] The Court held a telephonic hearing on the Motion on December 13, 2011, largely to provide Smith Dean with an opportunity to attend the hearing and voice any opposition to the Motion. (*See* Doc. 27.) Smith Dean did not attend the hearing in person or by phone despite being given notice of the hearing.[2] (Doc. 28.) Therefore, for the reasons stated herein, the Motion is due to be **GRANTED**.

The Motion seeks an order allowing Daniel W. Anderson, Tracy M. Henry, and the law firm of ANDERSON PINKARD, to withdraw from representing Defendant Smith Dean and providing Defendant with a reasonable amount of time within which

---

[1] This case has been administratively closed as a result of Defendant's filing of an unopposed motion to abate this action, in which it suggested that its bankruptcy filing was imminent. (*See* Docs. 20, 21, 26.)

[2] Plaintiff's counsel also did not participate in the telephonic hearing.

to retain substitute counsel. (Doc. 24.) The Motion provides that Smith Dean owes its counsel more than $30,000.00 for legal work on twenty-six cases in which Defendant has been sued and that counsel would suffer an unreasonable financial burden if they are forced to continue to represent Smith Dean, particularly with the knowledge that the existing and future debt owed to them would almost certainly be discharged in bankruptcy. (*Id.*) Subsequent to the filing of the Motion, Smith Dean filed a Suggestion of Bankruptcy notifying the Court and parties that it had filed a voluntary petition for relief under Chapter 11, Title 11, of the United States Code with the United States Bankruptcy Court for the Middle District of Florida. (Doc. 26.)

> Rule 4-1.16(b) of the Rules Regulating the Florida Bar allows withdrawal if:
>
> . . .
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (4) the representation will result in an unreasonable financial burden on the lawyer . . .
> . . .

R. Regulating Fla. Bar. R. 4-1.16(b). *See also* R. 4-1.16(a) (setting forth conditions for mandatory withdrawal).

The Court finds that the Motion sufficiently satisfies the grounds for permissive withdrawal set forth in Rule 4-1.16(b)(3) & (4) of the Rules Regulating the Florida Bar. Moreover, pursuant to Local Rule 2.03(c), counsel has demonstrated that the requested withdrawal is not likely to cause continuance or delay because this case is currently administratively closed as a result of Defendant's bankruptcy filing. M.D.

Fla. R. 2.03(c) (stating that leave to withdraw shall not be given, "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay").[3] Thus, based on the foregoing and in light of the lack of opposition by Smith Dean and opposing counsel, the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 24**) is **GRANTED**.

2. Daniel W. Anderson, Tracy M. Henry, and the law firm of ANDERSON PINKARD, are relieved of any further responsibility as counsel for Defendant Smith Dean in this matter. However, the attorneys shall comply with all applicable obligations on withdrawing counsel. See Fla. Bar R. of Prof'l Conduct 4–1.16(d).

**DONE AND ORDERED** at Jacksonville, Florida, on December 14, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Smith, Dean & Associates, Inc.
101 Century 21 Drive, # 107
Jacksonville, FL 32216

---

[3] Thus, the Court need not decide whether "compelling ethical considerations" are present.